UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIE POWELL, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:20-cv-03248-JPH-MPB |
| | ) |
| STANLEY KNIGHT, et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING AND DISMISSING COMPLAINT
AND PROVIDING OPPORTUNITY TO FILE AMENDED COMPLAINT**

Plaintiffs Willie Powell, Andra Ragland, and Richard Reeves, Indiana Department of Correction (IDOC) inmates at Plainfield Correctional Facility (Plainfield) filed their complaint pursuant to 42 U.S.C. § 1983.[1] Dkt. 1. Because the plaintiffs are "prisoners" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen their complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal

---

[1] This action was filed by 12 plaintiffs, all inmates at Plainfield. Dkt. 1. These plaintiffs filed a motion for class certification stating that they intended this action to be a class action rather than joint litigation among prisoners. Dkt. 21. The Court denied the motion to certify class action because the plaintiffs, as pro se litigants, cannot adequately represent a class. Dkt. 22. To date, only plaintiffs Powell, Ragland, and Reeves **remain litigants** in this action. *Id.* (granting Matthew Forgery's motion to dismiss; *see also* dkt. 27 (granting Terrance Flynn's motion to dismiss; dismissing Lowell Smith, Danny Flowers, Patrick Collins, Olegario Peneloza-Diaz, Jerald Broude, Billy Johnson, and Christopher Oros for failure to follow Court's Orders).

1

Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiffs are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. The Complaint

The plaintiffs name 21 defendants, inclusive of IDOC employees, medical staff, and Aramark food service workers. Dkt. 1 at 1. The plaintiffs' complaint relates to outbreaks of coronavirus (COVID-19) at Plainfield, beginning in March 2020. *Id.* at 2. The plaintiffs allege that the IDOC transported inmates from the Regional Diagnostic Center and the Indiana Women's Prison to Plainfield for dialysis treatment, and some of these inmates or employees who worked among the facilities were positive for COVID-19. *Id.* The plaintiffs "believe that the earliest inmate cases of the infection are found to be linked to the doctors and nurses and offices as then they passed it onto the dialysis [patients] and the dialysis [patients] then brought it back into the dorms giving it to lots of other inmates." *Id.* at 4.

In particular, the plaintiffs allege that the east dorm, home to 232 inmates including themselves, "was hit very hard by the coronavirus" with 26 inmates who tested positive and 4 deaths. *Id.* The plaintiffs allege that inmates in east dorm were not isolated from those who had contracted COVID-19, were instructed by officers to pack up belongings and bedding of sick inmates, and were not provided with proper personal protective equipment (PPE) or fresh face masks. *Id.* at 3-4. The plaintiffs state they never knew if they were in close contact with other

inmates who had tested positive. *Id.* The plaintiffs allege that facility employees knowingly came to work sick or after testing positive, or after being directly exposed to the virus. *Id.* at 4-5. Social distancing was not enforced, and the inmates were not provided adequate cleaning supplies, protective equipment and masks, hand soap, paper towels, or clean bed linens. *Id.* at 11. In sum, the plaintiffs claim that the defendants failed to comply with Centers for Disease Control and Prevention (CDC) COVID-19 guidelines.

The plaintiffs further allege they were denied the ability to file grievances related to these issues. *Id.* at 5, 9. The plaintiffs state that the defendants' conduct spanned March 2020 through late October 2020. *Id.* at 11.

The plaintiffs seek injunctive relief in the form of better medical treatment, better cleaning of the dorms, better screening for the virus, more protective clothing and masks, and an order requiring IDOC and its employees to follow COVID-19 protocols and CDC guidelines. *Id.* at 14. The plaintiffs additionally seek monetary damages from each individual defendant. *Id.*

### III. Discussion

The plaintiffs necessarily bring this action pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (internal quotation omitted).

The plaintiffs claim that the defendants were deliberately indifferent to their needs in violation of their Eighth Amendment rights. *Id.* at 13. To prevail on an Eighth Amendment deliberate indifference claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition

3

and the substantial risk of harm it posed, but disregarded that risk. *Id.* at 837; *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014). Deliberate indifference in this context is "something akin to recklessness." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

For the reasons explained below, the allegations in the plaintiffs' complaint do not state a claim upon which relief may be granted, and the complaint must be dismissed.

### A. Injunctive Relief

First, the plaintiffs seek multiple forms of injunctive relief. However, time has passed since the allegations that form the basis of the plaintiffs' complaint, and the initial onset of COVID-19 outbreaks at Plainfield between the spring and fall of 2020. To date, the knowledge regarding COVID-19 itself has evolved significantly, and there are vaccinations widely available that are used to protect against contraction and spread of the virus. It is unclear what, if any, ongoing risk or harm the plaintiffs are currently experiencing at Plainfield as a result of the conditions described in their complaint. In the absence of an ongoing risk of harm, any claim for injunctive relief is moot.

Thus, the plaintiffs are afforded the opportunity to amend their complaint accordingly, to include allegations of any ongoing serious risks of harm present at Plainfield related to COVID-19, and the specific injunctive relief they seek to remedy that ongoing harm.

### B. Monetary Damages Claims

Second, the plaintiffs seek monetary damages against the individual defendants. However, it is unclear from the complaint what injury the three plaintiffs have suffered.

The plaintiffs claim that the defendants failed to follow protocols and guidelines related to COVID-19. But such failure to follow any established protocol or guideline, by itself, is not enough

to implicate a constitutional violation. *See, e.g., Estate of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017) ("Section 1983 protects against constitutional violations, not violations of . . . departmental regulation . . . practices[.]") (internal quotation omitted); *Waubanascum v. Shawano County*, 416 F.3d 658, 670 (7th Cir. 2005) (neither negligence nor a violation of state law provide a basis for liability under § 1983); *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003) ("State law violations do not form the basis for imposing § 1983 liability."). There is no factual basis upon which to conclude that any defendants' failure to follow COVID-19 protocols or guidelines violated the plaintiffs' constitutional rights.

The plaintiffs allege they were unable to file grievances related to the allegations in this complaint. This too, without more, fails to state a claim. The Seventh Circuit has "specifically denounce[ed] a Fourteenth Amendment substantive due process right to an inmate grievance procedure." *Grieveson v. Anderson*, 583 F.3d 763, 772 (7th Cir. 2008). As explained in *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996), "any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Id.* at 1430-31 (internal citations omitted). Likewise, there is no First Amendment right to a grievance process.

Finally, the plaintiffs have not alleged that they themselves were symptomatic for COVID-19 or were refused medical treatment as a result of the defendants' alleged misconduct. For example, even accepting as true the allegations that Warden Knight patrolled the dorms after being directly exposed to a positive case of COVID-19, or that Nurse Walker intentionally coughed on dialysis patients stating that everyone should "just get [COVID-19] and get it over," there is no factual basis to conclude that the remaining plaintiffs were negatively impacted by this alleged misconduct.

Thus, the plaintiffs are afforded the opportunity to amend their complaint to include allegations of any direct harm they experienced at Plainfield related to alleged conduct of the defendants, in violation of their constitutional rights.

### IV. Opportunity to Amend

The dismissal of the plaintiffs' complaint will not lead to dismissal of the action at present. Instead, the plaintiffs shall have **through November 30, 2021, to amend their complaint** to cure the deficiencies as outlined by the Court above.

An amended complaint will completely replace the original complaint. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiffs wish to pursue in this action and identify which defendants are responsible for each alleged constitutional violation. It must also have the proper case number, 1:20-cv-03248-JPH-MPB, and the words "Amended Complaint" on the first page.

If the plaintiffs file an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If the plaintiffs fail to do so, this action will be dismissed without further notice for failure to state a claim upon which relief can be granted.

**SO ORDERED.**

Date: 11/1/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

WILLIE POWELL
973305
PLAINFIELD – CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

ANDRA W. RAGLAND
220736
PLAINFIELD – CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

RICHARD M. REEVES
979140
PLAINFIELD – CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168