UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIE POWELL, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-03248-JPH-MPB |
| | ) | |
| STANLEY KNIGHT, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING AND DISMISSING
PLAINTIFF RAGLAND'S AMENDED COMPLAINT AND
DIRECTING ENTRY OF FINAL JUDGMENT**

This civil rights action was filed by 12 plaintiffs, all Indiana Department of Correction inmates at Plainfield Correctional Facility. Dkt. 1. At the time the Court screened and dismissed the original complaint, only three of the plaintiffs, Willie Powell, Andra Ragland, and Richard Reeves, remained litigants in this action. *See* dkt. 37 at 1.[1] The Court permitted these plaintiffs the opportunity to amend their complaint to cure the deficiencies outlined in the Court's initial screening order. *Id.* at 6. Only Mr. Ragland filed an amended complaint, and thus, he is the only remaining plaintiff. Mr. Powell and Mr. Reeves have not joined Mr. Ragland's amended complaint.

For the reasons explained in this Order, Mr. Ragland's amended complaint **must be dismissed** for failure to state a claim upon which relief may be granted because it fails to cure the deficiencies identified in the Court's screening of the original complaint.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint, or any

---

[1] All other plaintiffs were previously dismissed. Dkt. 22 (granting Matthew Forgery's motion to dismiss); *see also* dkt. 27 (granting Terrance Flynn's motion to dismiss; dismissing Lowell Smith, Danny Flowers, Patrick Collins, Olegario Peneloza-Diaz, Jerald Broude, Billy Johnson, and Christopher Oros for failure to follow the Court's orders).

portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the amended] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. Plaintiff Ragland's Amended Complaint[2]

Mr. Ragland's amended complaint names the same 21 defendants as the original pleading, inclusive of IDOC employees, medical staff, and Aramark food service workers. Dkt. 39 at 1. Mr. Ragland's amended complaint is substantially similar to the original pleading and asserts all of the same allegations. In brief summation, Mr. Ragland's allegations concern outbreaks of the coronavirus (COVID-19) at Plainfield in March and April 2020. *Id.* Mr. Ragland alleges that the IDOC transported inmates from the Regional Diagnostic Center and the Indiana Women's Prison to Plainfield for dialysis treatment, and some of these inmates or employees who worked among the facilities were positive for COVID-19. *Id.* Mr. Ragland's dorm was "hit very hard by the coronavirus," specifically he states that 26 inmates tested positive, and 4 inmates died. *Id.* at 3.

---

[2] The Court notes that Mr. Ragland filed amended complaints both at dockets 38 and 39. These filings are identical and were signed and dated by the plaintiff on the same day. Because these filings are duplicative, the Court cites to docket 39 as the most recently filed.

2

Mr. Ragland alleges that inmates were not isolated from those with the virus, inmates were directed to handle belongings and bedding of sick inmates, and proper personal protective equipment (PPE) or fresh face masks were not provided. *Id.* at 3-5; dkt. 37 at 2-3. Mr. Ragland further alleges that employees came to work sick or after having been exposed, social distancing was not enforced and contact tracing was not being done, Centers for Disease Control and Prevention (CDC) guidelines were not being followed, and inmates did not have adequate cleaning supplies. Dkt. 37 at 4-11. Finally, Mr. Ragland states he was "denied grievances during this time by both caseworkers and the grievance officer." Dkt. 39 at 5.

Mr. Ragland seeks injunctive relief – improved medical treatment, cleaning of the dorms, screening for the virus, more PPE and masks, and an order requiring IDOC and its employees to follow COVID-19 protocols and CDC guidelines. *Id.* at 13-14. He also seeks monetary damages. *Id.*

### III. Discussion

The Court thoroughly addressed the aforementioned allegations in its original screening order dismissing the complaint and identified deficiencies that the plaintiffs needed to cure in the filing of any amended complaint. *See* dkt. 37 at 3-6. Mr. Ragland's amended complaint fails to state a claim upon which relief may be granted for the reasons previously explained.

Mr. Ragland has not included any additional allegations to address the identified deficiencies. First, related to injunctive relief, the Court noted that it was "unclear what, if any, ongoing risk or harm the plaintiffs are currently experiencing at Plainfield as a result of the conditions described in their complaint. In the absence of an ongoing risk of harm, any claim for injunctive relief is moot." *Id.* at 4. The Court permitted an opportunity for the plaintiffs to amend the complaint "to include allegations of ongoing serious risks of harm present at Plainfield related

3

to COVID-19, and the specific injunctive relief" sought to remedy that ongoing harm. *Id.* But, Mr. Ragland did not include allegations of ongoing harm as directed by the Court. He simply states the defendants' conduct occurred from March 2020 through October 2020, and vaguely alleges that the defendants "br[ought] harm to him." Dkt. 39 at 11-12.

Second, in terms of monetary damages, the Court noted that it was "unclear from the [original] complaint what injury the . . . plaintiffs have suffered." Dkt. 37 at 4-5. The Court permitted an opportunity for the plaintiffs to file an amended complaint and explicitly directed that the plaintiffs must "include allegations of any direct harm they experienced at Plainfield related to the alleged conduct of the defendants, in violation of their constitutional rights." *Id.* at 6. Though, Mr. Ragland states that "there were inmates that were symptomatic and got no treatment," and he had friends who needed help, he has not identified what, if any, direct harm he personally suffered. Dkt. 39 at 5. Though Mr. Ragland referred to the time period as a "nightmare," and the Court is sympathetic to his concerns about the spread of COVID-19 within the facility, he has not established how he was indeed harmed by any of the conduct he alleges occurred.

In the absence of any injury or ongoing risk of harm, the amended complaint shall be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b).

### IV. Conclusion

Because Mr. Ragland is the only litigant who remains in this case, and his **amended complaint fails to state a claim upon which relief may be granted**, the Court now dismisses this action.

The claims brought by plaintiffs Willie Powell, Andra Ragland, and Richard Reeves, are **dismissed with prejudice**.

The claims brought by Matthew Forgery, Terrance Flynn, Lowell Smith, Danny Flowers, Patrick Collins, Olegario Peneloza-Diaz, Jerald Broude, Billy Johnson, and Christopher Oros are **dismissed without prejudice**. Dkt. 22; dkt. 27.

Final Judgment in accordance with this Order, and consistent with the screening order at docket 37 and the Court's orders at dockets 22 and 27, shall now issue.

**SO ORDERED.**

Date: 5/27/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

WILLIE POWELL
973305
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

ANDRA W. RAGLAND
220736
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

RICHARD M. REEVES
979140
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168